### CALHOUN v. THOMAS, ADM'R.

Where a note payable at a day certain is given for the purchase money at an administrator's sale, after the maturity of the note, an action can be sustained upon it. But if the defendant allege and prove a tender of payment and demand of a deed made in pursuance of an order of the Probate Court confirming the sale, the plaintiff must pay the costs, and the defendant must be protected, by a suspension of the execution until title is made. But it seems the Court should require the money to be deposited.

Error from Bexar. There was no statement of facts.

*Dooley* and *Howard*, for plaintiff in error.

*Hewitt & Newton*, for defendant in error.

LIPSCOMB, J. This suit was brought on a note of hand, given by the appellants to the administrator of Gibson, for the purchase of a tract of land. The defendants, who are the appellants, in their answer allege that no title had ever been tendered to them, approved or confirmed by the Probate Court; that they had tendered payment of the note, if the plaintiff would give them such title. The plaintiff in his amended petition, averred that the title confirmed by the Probate Court had been offered to the plaintiff. There was no other evidence but the note, shown by the record; though there certainly was evidence, as the jury find for the plaintiff, and further find that the deed was not presented until after the commencement of the suit.

The note was made payable on a particular day. After the maturity, the note could be sued, and if the defendant had tendered the money at maturity and demanded the deed, it would have been ground at least to have protected him from the payment of costs. And he had a right to ask the protection of the Court to secure him against the contingency of a failure on the part of the plaintiff, or his inability to make a good title, as was ruled by this Court in the case of Wolf v. Durst, 10 Tex. R. 425. We do not know what was proven on the trial about a demand of title and an offer to pay the purchase money, nor at what time the defendant in error, the plaintiff, tendered the deed. We are, however, bound to presume it was sufficient to sustain the verdict returned directly in answer to the charge of the Court, that it was not until after the commencement of the suit. There might have been proof of this fact, so found by the jury, sufficient to have sustained the finding, and no proof that the defendant had tendered the money and demanded the deed, thus alleged in the answer. And had the jury found the truth of the allegation, the effect of such finding would have been to exempt the defendant from the payment of costs. But if there had been no such offer to pay, and demand of title, the plaintiff would have been entitled to his costs. All the defendants could have ask-

ed would be a suspension of the execution, on depositing the money, until title had been made to them, or a modification of the judgment directing title to be made, on payment of the money. Under our system, equitable defence being allowed to a suit like the present, the Court, in rendering judgment, is competent to direct such security as the defendant shows himself entitled to, before or at the time he parts with his money, without driving him into another suit, to obtain such security. We think therefore, as there was no finding of the jury, that the money had been tendered and title demanded before the commencement of the suit, the plaintiff was entitled to his costs.

There is alleged to have been an error in the judgment, it being for more than the finding of the jury would authorize; and the plaintiff in the Court below has entered a remittitur for the excess complained of. The judgment will therefore be affirmed, less by the amount remitted.

Judgment affirmed.